UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARSHAD AZIM,

        Plaintiff,

v.                                 Case No. 13-2267-DDC

TORTOISE CAPITAL ADVISORS,
LLC, et al.,

        Defendants.

## ORDER

The pro se plaintiff, Arshad Azim, brings this discrimination suit against his former employer Tortoise Capital Advisors, LLC ("Tortoise"), the parent company of Tortoise, Mariner Holdings, LLC ("Mariner"), and several executives at Tortoise and Mariner during plaintiff's employment.[1]  Plaintiff alleges religious and national-origin discrimination claims under Title VII[2] and 42 U.S.C. § 1981, a retaliation claim under the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010,[3] and a conspiracy claim under 42 U.S.C. § 1985(3).  Defendants filed a motion for protective order **(ECF doc. 59)** under Fed. R. Civ. P. 26(c) to "prohibit the unrestricted public disclosure of

---

[1] Specifically, H. Kevin Birzer, the chief executive officer of Tortoise; Michelle Kelly, plaintiff's supervisor at Tortoise; Marty Bicknell, the chief executive officer of Mariner; and Tabitah Boissonneau, the manager of human resources at Tortoise.

[2] 42 U.S.C. § 2000(e).

[3] 15 U.S.C. § 78u-6(h)(1)(A)(i).

confidential information, while allowing the parties access to information each seeks to discover and minimizing any potential harmful, annoying and/or embarrassing effects on the parties and non-parties."[4]   Although plaintiff took the position during the parties' meet-and-confer that a protective order should not be entered for any purpose in this case, plaintiff responded that he now only opposes certain portions of defendants' proposed protective order.  Specifically, plaintiff takes issue with paragraphs 2, 7, 8, 10(a), and 18 of defendants' proposed protective order.  For the reasons discussed below, defendants' motion is granted.

Plaintiff worked as a vice president for business development at Tortoise, an investment management firm, from September 2011 until April 2012.  Plaintiff alleges that during his employment, defendants made misrepresentations to become certified as a minority business enterprise, made fraudulent representations to gain potential investments and investors, and made false filings with the Securities and Exchange Commission.  Plaintiff alleges defendants retaliated against him after he reported these alleged violations of securities laws. Additionally, plaintiff alleges that throughout his employment he was subject to harassment and discrimination because of his national original and religion and defendants conspired to interfere with his civil rights.

Due to the nature of plaintiff's allegations, defendants anticipate that confidential tax, medical, personnel and/or private personal information about plaintiff, the individual defendants, and former Tortoise and Mariner employees may be produced during the

---

[4] ECF doc. 59.

course of discovery.  In addition, defendants expect Tortoise and Mariner's confidential and/or proprietary business information may be disclosed.  Therefore, defendants seek the entry of a protective order to provide a heightened level of protection for the disclosure of this information.  Defendants argue that the public disclosure of such confidential information will cause injury to the parties and non-parties—i.e., current or former Tortoise and Mariner employees.  Defendants assert that their proposed protective order prohibits unrestricted public disclosure of such confidential information while allowing the parties access to such information and minimizing any harmful, annoying, or embarrassing effects on the parties and non-parties.

Plaintiff asserts that he "remains in congruence with the presumption of open and public judicial proceedings."[5]  However, plaintiff explains that he is willing to limit his opposition largely for the benefit of the defendants.  Plaintiff agrees with the use of a protective order to minimize potential harmful, annoying, and/or embarrassing effects on the parties and non-parties.  But, his agreement is conditioned on the protective order addressing his specific concerns.  Specifically, plaintiff opposes certain language in paragraphs 2, 7, 8, 10(a), and 18 of the proposed protective order.

Paragraph 2.  Paragraph 2 of the proposed protective order defines confidential information as follows:

> Tax, medical, personnel and/or private personal information about Plaintiff, personnel and/or private personal information of the individual Defendants and non-party current or former Tortoise and Mariner employees, and

---

[5] ECF doc. 63.

confidential and/or proprietary business information of Tortoise and/or Mariner.[6]

Plaintiff asserts that the term "proprietary business information" should be narrowly tailored. As paragraph 2 is written, plaintiff argues that it provides defendants with a "carte blanche … to create roadblocks during the process of discovery and [] accomplish little other than wasting precious time."[7] Plaintiff concludes that proprietary business information is "neither at issue nor anticipated to be sought."[8]

Defendants interpret plaintiff's response as requesting the definition of "confidential information" to only include "proprietary business information." Rather, the court construes plaintiff's response as objecting to the *inclusion* of "proprietary business information" in the definition of "confidential information." Nonetheless, the court disagrees with plaintiff. The inclusion of "proprietary business information" in the definition of "confidential information" will not create "roadblocks" during discovery and will not waste time. Rather, it will limit the dissemination of such information to third parties. Plaintiff will still be able to receive any "proprietary business information" he seeks during discovery so long as it is relevant and not objectionable on some other ground. Further, the fact that this information is "neither at issue nor anticipated to be sought" suggests that any issue plaintiff has with the inclusion of "proprietary business information" in the definition of "confidential information" is likely moot. Finally,

---

[6] ECF doc. 59 at 8.

[7] ECF doc. 63 at 2.

[8] *Id.*

defendants' definition of "confidential information" specifically excludes information that is available to the public.  Given the nature of the allegations in plaintiff's complaint and the matters at issue, defendants have shown good cause for the inclusion of "proprietary business information" in their definition of "confidential information."

Paragraph 7.  Paragraph 7 of defendants' proposed protective order provides the parties with the steps to follow before filing confidential information.  It requires:

a) filing a redacted document with the consent of the party who designated the document as confidential;

b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or

c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.[9]

Plaintiff complains that the "asking of the aforementioned seems more of an onerous overkill than anything purposeful or genuinely facilitative."[10]  Defendants assert that the above-cited section was taken directly from the Guidelines for Agreed Protective Orders in the District of Kansas and the form protective order provided by the District.  It allows the parties to discover confidential information but provides a tiered-guideline before requesting the filing of a document under seal to be shielded from the public's view.  The steps listed above help prevent the unnecessary disclosure of confidential information in court filings short of filing under seal.  If the parties request that a document be filed

[9] ECF doc. 59 at 11-12.

[10] ECF doc. 63 at 2.

under seal, the court will evaluate whether the requirements are met for filing it under seal in light of the public's qualified right to access to court dockets.  Plaintiff's objection is overruled.

Paragraph 8.  Paragraph 8 describes how the parties should handle challenges to confidential designations.  Paragraph 8 provides, "[b]efore filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention."[11]  Plaintiff responds that there is "no need to meet in person.  Conferring via e-mail, in good faith, should suffice."[12]  Nothing in paragraph 8 *requires* the parties to meet in person.  Similar to any other meet-and-confer requirement, the parties may do so by telephone, e-mail, or in person—whatever is most effective for resolving the dispute informally without requiring judicial intervention.  Therefore, plaintiff's objection to this paragraph is overruled as moot.

Paragraph 10(a).  Paragraph 10(a) provides:

**(a) Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.[13]

In response, plaintiff states that the court should keep in mind "the preservation of Congressional intent and purpose behind The Dodd-Frank Wall Street Reform and

---

[11] ECF doc. 59 at 12.

[12] ECF doc. 63 at 3.

[13] ECF doc. 59 at 13.

Consumer Protection Act" since the defendants are "what is referred to as Wall Street."[14]

Defendants reply that this portion of their proposed protective order was taken directly

from the Guidelines for Agreed Protective Orders for the District of Kansas and the form

protective order provided by the District.   Regardless, defendants assert that whatever

protective order the court enters should remain in effect during the litigation and

thereafter.   With the foregoing in mind, the court overrules any objection plaintiff may

have to paragraph 10(a).   The protective order will remain in effect after conclusion of

the litigation.

Paragraph 18.   Paragraph 18 governs the inadvertent disclosure of confidential

information covered by attorney-client privilege or work product.   Plaintiff appears to

only take issue with the last sentence of that paragraph, which provides "[t]he provisions

of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of

Evidence."[15]   Plaintiff asks that the court "weigh in the Plaintiff's asserted claims and the

intended and unintended consequences of the controlling effect of the Court's order and

the controlling effect of a party agreement"[16] before arriving at its order.   Defendants

respond that this sentence "simply requires the parties to comply with Paragraph 18."[17]

Further, defendants emphasize that this sentence was taken directly from the Guidelines

---

[14] ECF doc. 63 at 3.

[15] ECF doc. 59 at 17.

[16] ECF doc. 63 at 3.

[17] ECF doc. 64 at 6.

for Agreed Protective Orders for the District of Kansas and the form protective order provided by the District.   Taking plaintiff's concerns into consideration, the court overrules any objection he may have to the last sentence of paragraph 18.

After considering the arguments made in the parties' written submissions and for good cause shown, the court grants defendants' motion for protective order **(ECF doc. 59)**.   The court appreciates plaintiff's concern for the "presumption in favor of open and public judicial proceedings," but defendants have shown good cause for the entry of the proposed protective order to govern the disclosure of confidential information in this case.

Plaintiff is hereby informed that, within fourteen days after he receives this order via CM/ECF, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order in a motion for review of this order.  Plaintiff must file any objections within the fourteen-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS HEREBY ORDERED that the following provisions govern disclosure or discovery of documents either party produces or discloses in the above-referenced matter and marks as "Confidential Information."

1.     **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests and subpoenas, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential

Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.    **Definition of Confidential Information.**    As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or non-parties.   For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

> Tax, medical, personnel and/or private personal information about Plaintiff, personnel and/or private personal information of the individual Defendants and non-party current or former Tortoise and Mariner employees, and confidential and/or proprietary business information of Tortoise and/or Mariner.

Information or documents that are available to the public may not be designated as Confidential Information.

3.    **Form and Timing of Designation.**   The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

The marking will be applied prior to or at the time of the documents are produced or disclosed.   Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.   Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.   By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

4.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovery of the inadvertent failure.

5.      **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript.   Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6.      **Protection of Confidential Material.**

(a)      **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including

any appeals.

    **(b)**  **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

    (1)  The parties to this litigation, including any employees, agents, and representatives of the parties;

    (2)  Counsel for the parties and employees and agents of counsel;

    (3)  The court and court personnel, including any special master appointed by the court, and members of the jury;

    (4)  Court reporters, recorders, and videographers engaged for depositions;

    (5)  Any mediator appointed by the court or jointly selected by the parties;

    (6)  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

    (7)  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A, except employees of Tortoise or Mariner pursuant to paragraph 6(b)(1) above;

    (8)  The author or recipient of the document (not including a person who received the document in the course of the litigation);

    (9)  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed

specifically in connection with this litigation; and

(10)   Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(c)   **Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

7.   **Filing of Confidential Information**.  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party is permitted to file the requested documents under seal,

only counsel of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

**8.     Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.   The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**9.     Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.    Obligations on Conclusion of Litigation.**

**(a)     Order Remains in Effect.**  Unless otherwise agreed or ordered, all

provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)     **Return of Confidential Documents.**   Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)     **Retention of Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.   An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11.     **Order Subject to Modification**.  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the

parties have been given notice and an opportunity to be heard on the proposed modification.

**12.     No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.   Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**13.     Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**14.     Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**15.     Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**16.     Protections Extended to Third-Party's Confidential Information.** The parties shall extend the provisions of this Protective Order to Confidential Information produced in this case by third parties.

**17.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order was issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

18. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party.  Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 7 days, regardless of whether the receiving party

agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

IT IS SO ORDERED.

Dated November 5, 2014 at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\13-2267-KHV-59.docx