UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARSHAD AZIM,

               Plaintiff,

v.                               Case No. 13-2267-DDC

TORTOISE CAPITAL ADVISORS,
LLC, et al.,

               Defendants.

## **ORDER**

On March 2, 2015, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a lengthy telephone status conference to address certain discovery-related matters; with all discovery scheduled to be completed by March 13, 2015 (*see* ECF doc. 57), the issues discussed were time-sensitive. The plaintiff, Arshad Azim, appeared pro se. The defendants, Tortoise Capital Advisors, LLC ("Tortise"), H. Kevin Birzer, Michelle Kelly, Marty Bicknell, Tabitha Boissonneau, and Mariner Holdings, LLC, appeared through counsel, Brian J. Zickefoose. Non-party movant Fambran Enterprises, LLC ("Fambran") appeared through counsel, Gregory T. Wolf and Samanth J. Wenger. This order will serve to memorialize the court's rulings on the record.

The court first addressed Fambran's objection and motion to quash Tortise's subpoena for certain documents **(ECF doc. 98)**. Specifically, the subpoena seeks documents concerning plaintiff's employment by Fambran after plaintiff worked for

Tortise.  According to Tortise, these documents are relevant to whether plaintiff mitigated his alleged damages.  Fambran's *only* objection is that it treats such employment records as highly confidential; the hard copy documents are not voluminous, i.e., according to Fambran, they comprise only about one-inch thick of material.  The court overruled the objection and ordered Fambran to produce the subpoenaed documents today, subject to the protective order filed in this case (ECF doc. 65).  As agreed between Fambran and Tortise, initially only hard copy documents need be produced, with one set of copies produced to Mr. Zickefoose and a duplicate set simultaneously provided to plaintiff.  If upon review of that material Tortise believes that e-mail or other electronically stored information ("ESI") is pertinent, then counsel and plaintiff shall meet and confer about how and when such ESI should be produced.

The court next addressed a dispute about whether defense counsel should be allowed to depose plaintiff at the former's offices in Kansas City, Missouri, as has been noticed for March 9, 2015 (see ECF doc. 97).  Plaintiff had indicated via e-mail that he objected to the noticed place of deposition and suggested instead a neutral setting such as the courthouse in Kansas City, Kansas.  The court overruled plaintiff's objection, finding that the noticed site was reasonable, which is all that's required by Fed. R. Civ. P. 30(b)(1), and that in any event plaintiff had not a made an adequate showing of good cause under Fed. R. Civ. P. 26(c)(1)(B) such as would justify a protective order calling for different location arrangements.

The court fully expects defense counsel will ask pointed questions during the

O:\ORDERS\13-2267-DDC-94,98.docx

upcoming deposition.  If plaintiff is like most deponents, he probably won't see the relevance of many questions and might prefer not to answer for a variety of reasons.  At this point, however, based on prior experience with the lawyers involved and their law firm, the court assumes that plaintiff will be treated professionally and courteously.  In the hopefully unlikely event disputes arise during the videotaped deposition concerning the conduct of the persons involved, to provide a more definitive record, the court ordered that the videographer include in the screen not only the witness but also interrogating counsel and the court reporter.

Finally, the court addressed plaintiff's motion for an in camera review of certain documents produced by defendants, portions of which defendants redacted based on assertions of attorney-client privilege, or work-product protection, or both **(ECF doc. 94)**.  The court observed that defendant's response to this motion (ECF doc. 103), which was filed at 8:11 a.m. on March 2, would appear to provide all the information called for by Fed. R. Civ. P. 26(b)(5).  Since plaintiff hadn't yet had an opportunity to review defendants' response, the court gave plaintiff until 12:00 noon to do so and to file a short reply if he still believed an in camera review was appropriate.  Plaintiff has not filed any timely reply.  The court finds that the previously requested in camera review of the subject documents is not warranted and therefore plaintiff's motion is denied.

IT IS SO ORDERED.

Dated March 2, 2015, at Kansas City, Kansas.

O:\ORDERS\13-2267-DDC-94,98.docx

 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\13-2267-DDC-94,98.docx