UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARSHAD AZIM,

                Plaintiff,

v.                                                Case No. 13-2267-DDC

TORTOISE CAPITAL ADVISORS,
LLC, et al.,

                Defendants.

## ORDER

This case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendants' motion to compel plaintiff to provide supplemental responses to their first set of interrogatories and document requests (**ECF doc. 107**). The motion has been fully briefed.[1] In addition, on March 19, 2015, the court convened a telephone conference to allow the pro se plaintiff and defense counsel to present any oral argument they deemed appropriate. For the reasons discussed below, defendants' motion is granted.

On December 31, 2014, defendants served their first requests for production of documents.[2] Shortly after, defendants served their first set of interrogatories.[3] Two days

---

[1] *See* ECF docs. 17, 109, and 112.

[2] ECF doc. 72.

[3] ECF doc. 80.

after an agreed-to deadline,[4] plaintiff filed his responses to the requests for production on February 6, 2015.[5] On February 12, 2015, plaintiff served his responses to the interrogatories.[6] Since then, the parties have engaged in "golden rule" communications regarding plaintiff's responses. Specifically, plaintiff provided a substantive response to defendants' "golden rule letter" on March 4, 2015. As a result, the parties were able to resolve a number of issues, including all substantive issues associated with the interrogatories. However, several issues still persist.

### I. Interrogatories

Defendants ask that plaintiff provide *sworn* supplemental answers to their first set of interrogatories. Plaintiff's supplemental responses were only provided in letter form.[7] In his response to the motion to compel, plaintiff did not address this issue. Defendants request that plaintiff provide a verification page to his supplemental interrogatory answers.

Under Fed. R. Civ. P. 33(b)(3), an "interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Further, the "person

---

[4] Defendants assert that they agreed to a two-day extension until February 4, 2015, for plaintiff to serve his responses.

[5] ECF doc. 92.

[6] ECF doc. 102.

[7] *See* ECF doc. 107-5.

who makes the answers must sign them."[8] Although plaintiff signed the letter containing his supplemental responses, he failed to provide his responses under oath. Therefore, plaintiff is ordered to resubmit his supplemental interrogatory responses with an attached verification page that states his answers are sworn to under oath—similar to the verification page he provided with his original answers—no later than **March 24, 2015**.[9]

## II.   Requests for Production

Defendants ask that plaintiff supplement his responses to Requests for Production Nos. 2-5, 13-14, and 28, in which plaintiff generally referred to (but failed to produce) documents that are "publicly available" or "in [defendants'] possession."[10] In a supplemental response, plaintiff simply referred to these documents as "[a]ll publicly available information or third-party information that can be clearly identified and/or understood as part of the initial disclosures and any supplemental disclosures made by plaintiff."[11] Defendants assert that this response does not cure the deficiencies in plaintiff's initial response. Defendants insist that they "cannot be made to guess which documents Plaintiff will rely on at trial."[12] Furthermore, defendants assert that documents listed in plaintiff's initial and supplemental disclosures have not *actually* been

---

[8] Fed. R. Civ. P. 33(b)(5).

[9] *See* ECF doc. 107-2 at 10.

[10] *See* ECF doc. 107-1.

[11] *See* ECF doc. 107-5.

[12] ECF doc. 107 at 8.

O:\ORDERS\13-2267-DDC-107.docx

3

produced.  Therefore, defendants ask the court to compel plaintiff to produce *all* documents that he may rely on at trial if such documents have not already been produced.

Plaintiff responds that his initial and supplemental disclosures (which he refers to in his supplemental discovery responses) are "clear and clearly identifiable."[13] Despite identifying "third party information" in his supplemental answers, plaintiff now states that there are no documents to produce from third parties. As to the remaining documents, plaintiff explains that he "still needs to sift through the litany of publicly available documents submitted to third parties and regulatory authorities by the defendants and there is a substantial need to supplement such documents before trial."[14] Plaintiff states that he will supplement the documents "well in advance of trial."[15]

Defendants assert that plaintiff's response is attempting to "circumvent the close of discovery."[16] Defendants are essentially correct. The court set a deadline for discovery to close on March 13, 2015.[17] The proposed pretrial order is due March 23, 2015, the pretrial conference is set for April 2, 2015, and dispositive motions are due by May 1, 2015.[18] As earlier indicated, plaintiff received the requests for production almost

---

[13] ECF doc. 109 at 1.

[14] *Id.* at 2.

[15] *Id.*

[16] ECF doc. 112 at 2.

[17] ECF doc. 57.

[18] *See Id.*

three months ago on December 31, 2014.  Plaintiff has been given several opportunities to supplement his responses.  Yet, plaintiff still has not produced all responsive documents.  Plaintiff doesn't get to decide when to respond to discovery requests at his leisure.  Rule 34 requires him to respond to requests for production within thirty days of being served.[19]  Plaintiff may not provide the same generic response to seven different requests that states he will find the documents and provide them at some unspecified future date.

Further, since the subject documents clearly are *not* maintained by plaintiff in the usual course of any business, he must "organize and label them to correspond to the categories in the request."[20]  Plaintiff is ordered to produce actual copies of all responsive documents not already produced by **March 24, 2015**.

Finally, defendants seek a supplemental response to Request for Production No. 27, which asks for "[a]ll documents supporting your claim for lost wages, back pay, front pay, and/or benefits."[21]  Originally, plaintiff provided the following response:

> The plaintiff does not have such documents available currently.  In the event such documents are available in the future, the plaintiff will provide them.  Because of the ongoing nature of some forms of compensatory damages such as interest on credit cards, etc., (which are comparatively de minimis) the plaintiff will provide such documents at the appropriate time.  It would be burdensome to calculate this information now and then

---

[19] *See* Fed. R. Civ. P. 34(b)(2)(A).

[20] Fed. R. Civ. P. 34 (b)(2)(E)(i).

[21] ECF doc. 112-1.

      duplicate the efforts in the future as these comparatively minimal damages are ongoing.[22]

Plaintiff supplemented this response with the following: "Plaintiff maintains his initial response to the request."[23] As explained above, plaintiff does not get to choose when it is convenient for him to respond to discovery. The "appropriate time" to respond was within thirty days of receiving these requests, but no later than the close of discovery. Discovery closed on March 13, 2015. To the extent plaintiff has objected that this request is overly burdensome, that objection is overruled.[24] Plaintiff is ordered to provide all documents responsive to this request by **March 24, 2015**.

As discussed and explained at length during the March 19 conference, under Fed. R. Civ. P. 37(c), if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In accordance with this rule, plaintiff is hereby warned that as it relates to the specific document requests at issue,[25] he

---

[22] *Id.*

[23] ECF doc. 107-5 at 7.

[24] Plaintiff, as the party resisting discovery, has the burden to show facts demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. *General Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 641 (D. Kan. 2003) (citation omitted). Plaintiff has failed to meet this burden. Therefore, any objection that timely responding to this request would be too burdensome is overruled.

[25] Requests for Production Nos. 2-5, 13-14, and 27-28.

will be precluded from using any documents for summary judgment motions or at trial that he fails to produce by **March 24, 2015**

IT IS SO ORDERED.

Dated March 19, 2014 at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\13-2267-DDC-107.docx